The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following questions:
 Is a sending district legally responsible for transporting students to an Alternative Learning School if parents request that their child be assigned? Is the district responsible for transportation if the district assigns the student to attend there?
In responding to these questions, I must initially note that in my opinion school districts in Arkansas have broad discretion in determining matters relating to the transportation of pupils. See generally Op. Att'y Gen. 96-072 (copy enclosed). I have previously opined that "a school district that provides transportation need not invariably provide or offer to provide transportation to each pupil of the district." Id. at 1, citing Woodlawn School Dist. No. 6 v. Brown, 216 Ark. 14,223 S.W.2d 818 (1949). Regarding the legality of any particular transportation policy or practice, I have stated that:
 . . . a school board's policy offering transportation to some students and not others should not be subject to challenge, provided that the distinctions among students . . . have some rational basis (i.e., are not unreasonable or arbitrary). [Citations omitted].
Op. Att'y Gen. 96-072 at 2 (emphasis added).
It is therefore my opinion that the district's legal responsibility for transporting students to an alternative learning school[1] will ultimately depend upon the relevant facts and circumstances prevailing, including current transportation policies or practices and the validity of a transportation scheme that draws distinctions among students of the same district.
With regard to your specific questions, there appears to be a suggestion that the circumstances surrounding a student's assignment to an alternative learning school may be a relevant factor in determining the district's responsibility for transportation. It is my opinion that a distinction based upon whether the parents requested the assignment would in all likelihood fail to withstand scrutiny. It is clear from a review of the relevant statutes pertaining to alternative learning environments that the district assigns the student to the class or school, regardless of how the assignment is initiated, i.e., whether or not at the parents' request. Each district's student discipline policy "shall include provisions for . . . [p]lacement of a student with disciplinary, socially dysfunctional, or behavioral problems not associated with a handicapping condition in an alternative learning environment provided by the district[.]" A.C.A. § 6-18-503(a)(1)(B)(i) (Supp. 1997). Districts must report pertinent information to the Department of Education ("Department") "regarding students placed in an alternative learning environment." A.C.A. § 6-18-508(d). And in accordance with §6-18-509(c), "[a] student assigned to an alternative class or school for behavioral reasons must receive intervention services designed to address the student's behavioral problems."
Clearly, therefore, the district places the student; and presumably the placement is in accordance with the district's discipline policy and in compliance with guidelines established by the Department. See A.C.A. §6-18-503(a)(1). The district cannot defer this placement decision to the parents. Thus, in my opinion, there is no rational basis for distinguishing between a student whose assignment was requested by the parents and one who was assigned without the parents' request, when determining the district's responsibility for transportation. Although, as noted above, school districts have considerable discretion in the area of transportation, the arbitrariness of such a distinction seems apparent.
Apart from this distinction, the question of whether the district is responsible for transporting all students assigned to an alternative learning school will, I believe, depend upon the surrounding facts and circumstances, including the amount of transportation provided to other students in the district. It is my opinion that the district has the authority to allocate transportation resources on a reasonable basis. Op. Att'y Gen. 96-072 at 1. The reasonableness of a particular transportation scheme will, however, require a case-by-case determination.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Arkansas Code Annotated § 6-18-508 requires that "[e]very school district shall establish an alternative learning environment. . . ." A.C.A. § 6-18-508(a) (Supp. 1997).